REID, Judge.
These two suits were consolidated for trial and are for damages growing out of the same accident between a car and motorcycle. George Biscotti, individually and as Administrator of the estate of his minor -son, George Biscotti Jr., filed this suit for damages as a result of a collision that happened about five o’clock in the afternoon on May 25, 1961, on a public road that is an extension of North Duncan Avenue and north of the city limits of the City of Amite, Louisiana, in a northerly direction and was approaching the gravel pond known .as “Holloway’s Pond.” He alleges that on this date his son was riding a motorbike on said road in a northerly direction and curved to his left in a northwesterly direction, following the road a short distance to where it straightened out east and west along the south side of Holloway’s Pond. At the time he alleges that a Ford automobile belonging to G. K. McCoy being driven by Russell Jenkins was proceeding in a southerly direction in the center of the •road at an excessive rate of speed, and as Biscotti rounded the curve he saw the automobile driven by Jenkins headed straight toward him and he attempted to veer to his right to get out of the way of the oncoming vehicle. Before he could get out of the ;road the left front fender of the automobile struck the center of the motorbike knocking the bike completely around and off of the road on the east side. He further alleges that the automobile continued for some 30 to 40 feet before skidding to a stop. Plaintiff alleges that the negligence of the driver of the automobile consisted mainly, (1) operating the automobile at an excessive rate of speed; (2) failing to perform the duties required of him by law of looking ahead and operating his vehicle in the manner required by law so as to remain in his lane of traffic; (3) driving the automobile which was headed south into the north' bound lane of traffic approaching a curve without ascertaining whether or not any vehicle was in the north bound lane; (4) failure to see what he could and should have seen, i. e., the north bound motorbike driven by George Biscotti Jr; (5) failure to keep the proper lookout.
Plaintiff alleged as a result of this accident his son George Biscotti Jr. received the following injuries: shattered left ankle; dislocated right shoulder; broken right collar bone; numerous abrasions about the body; severed tendons and ligaments in the left foot and that as a result of which his said son spent one week in Baton Rouge General Hospital and three weeks at home in a large cast, followed by three months in a smaller cast, most of which time he was confined to a wheelchair due to the dislocated shoulder and broken collar bone. The bandages were removed from his ankle about six months after the accident.
Plaintiff claims for damages $1801.61 for past and future medical expenses and for the estate of his minor son for pain and suffering physical and mental, and further for permanent disability in the total- amount of $25,000.00.
Plaintiff further alleges that at the time of the accident Russell Jenkins, the driver of the automobile, was acting as agent for G. K. McCoy, owner of the automobile for the purpose of taking same to Brumfield Motor Company on the morning of the accident and returning same to Mr. McCoy *214 when Brumfield Motor Company had made some repairs, and further that said Jenkins was acting as Brumfield Motor Company’s agent as a delivery boy of the automobile after Brumfield Motor Company had repaired same on the date of the accident and was also agent for said Brumfield Motor Company as a salesman attempting to sell Wayne Morris an automobile, Morris being a passenger in the car with Jenkins at the time of the accident. Plaintiff further alleges The Insurance Company, State of Pennsylvania, was the liability insurer of G. K. McCoy’s automobile, involved in the accident, and American Casualty Company was the garage liability insurer of Brumfield Motor Company. Petitioner made The Insurance Company, State of Pennsylvania, G. K. McCoy, Russell Jenkins, Brumfield Motor Company, and American Casualty Company, defendants and asked for judgment in solido against all defendants in the full amount of $26,801.61 with legal interest from judicial demand and asked for trial by Jury.
Defendants, G. K. McCoy, Willie Russell Jenkins, and The Insurance Company, State of Pennsylvania, filed a joint answer denying liability, denying negligence but admitting at the time of the accident the said Jenkins had possession and was operating the vehicle involved in the accident owned by G. K. McCoy with the permission and consent of Mrs. Evelyn McCoy, his wife. They further set up that at the time of the accident Jenkins was operating the said car in a southerly direction on a narrow gravel road just south of Holloway’s Pond and was proceeding to make a sharp turn to the right while driving south within a short distance from Holloway’s Pond where Jenkins had been water skiing, and was proceeding at such time and place at a moderate, legal and careful rate of speed on his right and proper side of the said road, maintaining a vigilant lookout and with the vehicle under control; that when Jenkins was proceeding along said gravel road he was suddenly confronted, when reaching the curve in the road, with a motorbike being operated by George Bis-cotti Jr., who was approaching in a northerly direction in Jenkins’ lane of traffic at an excessive and reckless rate of speed and without proper lookout and control. Jenkins then observed the said motorbike, applied his brakes and attempted to pull further to the right to avoid a headon collision, and the driver of the motorbike attempted to pull to his right, to the proper side of the road, but the motorbike went into a skid and said Biscotti was unable to complete his maneuver. The left side of the motorbike came in contact with the left front fender of the vehicle being operated by Jenkins. They further allege the vehicle at the time of the accident was at rest,, or moving very slowly, in the extreme right of the south bound, or Jenkins’ proper lane of traffic, and prior to and at the time of the impact another motorbike being operated by one, who was unknown to defendants, but. apparently accompanying the said Biscotti-boy was proceeding in the north bound lane of traffic to the right and abreast of said Biscotti Jr.
Defendants further allege the accident was caused entirely by the fault and gross-negligence on the part of the minor, George Biscotti Jr. in that he was negligently and recklessly driving the said motorbike in a south bound lane of traffic instead of the north bound lane, proceeding in a reckless, imprudent, dangerous and unlawful rate of speed under the circumstances, failing to-maintain a proper lookout ahead; failing to have said motorbike under control and operating said motorbike in a dangerous and reckless manner and without regard for the presence of or the safety of others, and otherwise operating the said vehicle in a generally careless, negligent and inattentive manner. They further allege in the alternative contributory negligence on the part of Biscotti Jr.
Defendants Brumfield Motor Company and American Casualty Company filed an answer along the same lines as the other defendants pleading negligence of the Bis-cotti boy as the proximate cause of the ac *215 cident, and in the alternative plead contributory negligence. They then filed a third party petition alleging that Russell Jenkins, the operator of the car, was a ■minor son of Clarence Jenkins and that •said Clarence Jenkins had a family liability automobile insurance policy with Marquette Casualty Company and praying in the alternative that if judgment be granted against Brumfield Motor Company and American Casualty Company that they have judgment in turn against the Marquette ■Casualty Company within the limitations of their policy.
Subsequently, Brumfield Motor Company :and American Casualty Company filed a ■motion for summary judgment which was ■overruled by the Court.
'The Marquette Casualty Company later filed an exception of no cause or right of action to the third party petition of Brum-field Motor Company and American Casualty Company.
The companion suit of Mrs. Nancy Stew.-art was filed for the value of the motorbike involved in the accident and operated by her grandson, George Biscotti Jr. She claims the value of the motorbike was $800.-00 and sought judgment against The Insurance Company of the State of Pennsylvania, G. K. McCoy, Russell Jenkins, Brum-field Motor Company and American Casualty Company for the full sum of $800.00. Defendants G. K. McCoy, Willie Russell Jenkins and The Insurance Company, State -of Pennsylvania filed a similar answer to .the one filed in the companion suit.
The other defendants first filed exception • of no cause or right of action and with' ■reservations of their right under the ex-ception filed similar answer and third party petition as was filed in the other suit. Mar- • quette Casualty Company, third party defendant, filed an exception no cause of ac- ■ tion to the third party petition.
Plaintiff, Mrs. Nancy Stewart filed a ■supplemental and amended petition alleging rshe was the owner of the motorbike to cover the omission of this allegation from the original petition. The cases, having been consolidated for trial, were duly tried on the merits, without a jury, and the Judge of the Lower Court for written reasons assigned, rendered judgment rejecting plaintiffs’ demands at their costs in both suits and in the Biscotti suit taxed as cost, expert witness fees of Dr. Clinton R. Sharp in the amount of $75.00 and of Dr. Moss Banner-man in the sum of $162.00. From this judgment both plaintiffs prosecute this appeal.
The issues in the case are factual. The plaintiffs in their brief cite numerous authorities on certain propositions of law with which this Court is in accord, but which we do not feel fit the facts in this case. As is usual in most cases of this type the witnesses of the plaintiff testified one way and those of the defendant testified the other way.
Young Biscotti testified that he had rounded the curve leading to Holloway’s Pond proceeding in the right hand lane of traffic in the rut made by the wheels of an automobile when he was suddenly confronted with the Jenkins car. His companion, John Heberling, testified he was following the Biscotti boy on his motorbike about 15 feet behind in the same rut of the road, and when he saw the accident was about to happen turned right and went straight up into a private road to a dwelling a little further north, and was not involved in the accident.
On the defense side the occupants of the car, Willie Russell Jenkins and Wayne Morris, both testified they were proceeding south on the right hand side of the road and when they saw the motorbike coming around the curve on its wrong side headed straight for them Jenkins pulled his car to the right as far as he could and slammed on his brakes. He seemed to have stopped within a distance of a few feet. They testified the Biscotti boy turned sharply to his right to go around the car and the collision took place. He was thrown a few feet dis *216 tant from the motorbike and the motorbike landed on the right side of the road, partly in the bushes and partly outside. The motorbike was a complete wreck.
Their testimony was corroborated by Gerald Bridges, who was on the Pond 100 or so feet away and looked up immediately when he heard the noise of the accident. At that time the Jenkins car was on the right side of the road facing south. There is no doubt in the Court’s mind both parties were proceeding at a moderate speed of approximately 15 or 20 miles an hour and that the automobile, after the accident, was some S to 12 feet south of the motorbike and that young Biscotti was about 3 feet further north on the road from the front part of the motorbike. Jenkins and Morris testified there was four or five feet distance from the rear of the car and young Biscotti after the accident. Heberling testified the Jenkins car was in the middle of the road with three or four feet on each side, and the motorbike could have passed on either side of the car. He denied that he and Bis-cotti were riding side by side.
After the accident the Biscotti boy was placed in the Jenkins car and taken to Sharoy Clinic and subsequently to Baton Rouge General Hospital. Both Wayne Morris and Jenkins testified young Bis-cotti admitted that he was on the wrong side of the road. Gerald Bridges, brother of Mrs. G. K. McCoy testified he heard George Biscotti Jr. tell his mother, Mrs. Elizabeth Biscotti, he was on the 'wrong side of the road. This statement was made at Sharoy Clinic. While both Dr. Sharp and Mrs. Mary Davis, nurse in attendance, testified they heard no such discussion Mrs. Biscotti admitted that her son told her in the hospital “not to blame nobody.”
We further point out that it is unreasonable to assume a car would be travelling on the outside of a curve when its proper lane of traffic would be on the inside of the curve when making a right turn.
The Learned Trial Judge below found, after examining the road, that it is about 17 feet wide at the point of impact which was about the narrowest portion of the road. He further found in his written reasons for judgment that the burden of proof rests on the plaintiffs and they must establish their case by a preponderance of the evidence and held that this burden had not been discharged and it had not been proved the accident was caused by any negligence of Russell Jenkins.
We fail to find where this ruling is manifestly erroneous, or an abuse of the Judge’s discretion, and therefore, we find no reason fob reversing it.
For these reasons it is ordered that the judgment of the Lower Court be affirmed.
Affirmed.